UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

ELENA ALBERTOVNA FEDOROVA,

        Debtor.

_____/

Case No. 22-02309-swd
Hon. Scott W. Dales
Chapter 13

<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:    HONORABLE SCOTT W. DALES
                Chief United States Bankruptcy Judge

On January 16, 2024, *pro se* chapter 13 debtor Elena Fedorova filed the Objection to $500.00 Claim #010-0 As False. [sic] Demand for Rule 2004 Exam of Parties and Documents; Evidentiary Hearing and Witness Testimony With the Employee of the Creditor (ECF No. 98, the "Objection").  In response to the Objection, the court entered the Order dated January 18, 2024 (ECF No. 99), expressing its concerns regarding the purpose and target of the Objection, and setting a status conference for February 14, 2024.[1]  At the status conference, the chapter 13 trustee and PennyMac Loan Services, LLC ("PennyMac") appeared through counsel; Ms. Fedorova represented herself.

During the proceeding, without addressing the concerns identified in the January 18, 2024 Order,[2] Ms. Fedorova expressed continued distrust of her lender, and, again, contended that her obligation to make payment to PennyMac was somehow dependent on PennyMac's producing documentary evidence that it purchased Ms. Fedorova's note and mortgage – documentation beyond that attached to PennyMac's Proof of Claim.  Ms. Fedorova evidently insists on the

---

[1] A hearing to address the chapter 13 trustee's Motion to Dismiss was also scheduled for February 14, 2024, however, prior to the hearing, Ms. Fedorova remitted to the trustee a cashier's check for the full plan arrearage amount, resulting in the trustee withdrawing its motion on the record.

[2] PennyMac's counsel evidently concluded that the Objection targets Proof of Claim No. 5, specifically PennyMac's Notice of Postpetition Mortgage Fees, Expenses, and Charges ("Fee Notice") filed on November 28, 2023.

additional documentation despite PennyMac's being the only entity listed in her confirmed chapter 13 plan (ECF No. 2) as holding a mortgage encumbering her residence, and despite receiving documentation from PennyMac (sufficient in the court's view) outlining the money it received from the chapter 13 trustee regarding the mortgage and how the lender applied those funds to reduce Ms. Fedorova's obligations, prepetition and post-petition.  Essentially, Ms. Fedorova used the status conference to continue to challenge the assignment of her mortgage to PennyMac and doubled down on her prior requests that PennyMac provide proof that it "paid money for the debt."

In response, PennyMac argued that Ms. Fedorova has no standing to challenge the assignment because she is not a party to the assignment – an argument the court accepts.  Under Michigan law, only an entity that is a party to an assignment has standing to challenge that assignment. *Newman v. Real Time Resolutions*, 994 N.W.2d 852, 857 (Mich. App. 2022) (citation omitted).  Here, the parties to the assignment are PennyMac and Caliber Home Loans -- not Ms. Fedorova -- meaning PennyMac is under no obligation to provide Ms. Fedorova proof of, let alone purchase documentations supporting, the assignment.[3]  Moreover, PennyMac is the only entity seeking to collect the residential loan from the Debtor through this proceeding and the only entity the Debtor identified in her plan as asserting a claim to her residence.  That said, if PennyMac can provide any additional documentation regarding the assignment to assuage Ms. Fedorova's concerns or provide peace of mind – for example by informally addressing the issues she raised at the hearing this week (and throughout her many filings) -- perhaps PennyMac could put Ms. Fedorova's doubts to rest.  For its part, however, given the holding in *Newman* and other cases

---

[3] Additionally, at the status conference and in her Objection, Ms. Fedorova incorrectly placed the burden on PennyMac to prove its right to payment of the promissory note.  *See* Objection at p. 5.  PennyMac filed a timely proof of claim which, under 11 U.S.C. § 502(a), is deemed allowed and, under Fed. R. Bankr. P. 3001(f), constitutes prima facie proof of the validity and amount of the claim.  Under the Bankruptcy Code and Rules, therefore, Ms. Fedorova must shoulder the burden of rebutting that presumption, which she cannot do simply by insisting on additional documentation to challenge the assignment.

regarding standing to challenge an assignment, the court will not require PennyMac to supplement its existing filings.

The court reiterates the point it made during the status conference that Ms. Fedorova's bankruptcy case is a voluntary proceeding. She is not required to remain under the bankruptcy court's protection and can choose to dismiss her case if she is not satisfied with how it is progressing or the forms of relief the Bankruptcy Code and applicable state law can offer. *See* 11 U.S.C. § 1307(b) (court shall dismiss chapter 13 case on debtor's motion if case has not been previously converted and any waiver of right to dismiss is unenforceable). While she remains involved in this bankruptcy proceeding, however, she is bound by her confirmed chapter 13 plan, 11 U.S.C. § 1327(a), and must pay the trustee the increased amount of $1,558.00 per month as she proposed in her last, approved plan amendment. *Id.* § 1329(b)(2) (plan as modified is the plan). Otherwise, she will undoubtably find herself back before this court defending another motion to dismiss premised on a material default under a confirmed plan – a default not excused by whatever doubts she may harbor about PennyMac or the mortgage finance industry generally.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Objection is OVERRULED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor (via First Class U.S. Mail), the United States Trustee, chapter 13 trustee Brett N. Rodgers, Esq., Cheryl Cook, Esq., and all entities requesting notice of these proceedings.

**IT IS SO ORDERED.**

**Dated February 16, 2024**



Scott W. Dales
United States Bankruptcy Judge