UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

ELENA ALBERTOVNA FEDOROVA,

      Debtor.

_____/

Case No. 22-02309-swd
Hon. Scott W. Dales
Chapter 13

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                 Chief United States Bankruptcy Judge

The United States Trustee seeks to dismiss the chapter 13 case of *pro se* debtor Elena Albertovna Fedorova as filed and prosecuted in bad faith. The court does not take issue with the premise of the motion that Ms. Fedorova has been a difficult litigant, in this and other courts.

Indeed, in its most recent substantive order in this case, the court warned Ms. Fedorova that "future" abusive filings would invite sanctions under Rule 9011 or otherwise, pointedly using the word "future" three times to signal that it would reserve penalties for continued, rather than past, offenses. *See* Memorandum of Decision and Order dated May 10, 2024 (ECF No. 178) at p. 4. The court almost certainly could have sanctioned Ms. Fedorova in May, and perhaps earlier, but instead took a more restrained approach. And, since issuing its warning in May, Ms. Fedorova has, thankfully, refrained from pursuing what the court has previously characterized as an "abuse of process, however well-intentioned though misguided and self-defeating her repetitive filings may be."[1]

---

[1] Order dated March 4, 2024 (ECF No. 161) at p. 2.

Nevertheless, approximately a month and half after the court warned Ms. Fedorova but declined to sanction her for a laundry list of abusive filings, and despite the calm in Ms. Fedorova's storm, the United States Trustee filed the United States Trustee's Motion to Dismiss Case with a Bar on Refiling (ECF No. 181, the "Motion").  The court held a hearing to consider the Motion, and Ms. Fedorova's response, on August 6, 2024, and for the reasons set forth on the record and in this opinion, will deny the Motion.[2]

First, to the extent the United States Trustee argues that Ms. Fedorova filed her plan in bad faith, the court regards the argument as untimely and precluded by confirmation. When the court confirmed Ms. Fedorova's chapter plan, it necessarily determined that she filed it "in good faith, and not by any means forbidden by law." *See* 11 U.S.C. § 1325(a)(3); Fed. R. Bankr. P. 3015(f); Order Confirming Debtor's Chapter 13 Plan and Awarding Attorney's Fees (ECF No. 26)) at p. 1 ("Having duly considered the Trustee's recommendation, the agreement of the parties, and the Plan itself, the Court hereby finds that the Plan complies with the requirements for confirmation pursuant to 11 U.S.C. Section 1325(a) and further complies with other applicable provisions of the Bankruptcy Code.").  Here post-confirmation filings do not undermine that finding.

Second, to the extent the United States Trustee relies on Ms. Fedorova's abusive filings generally targeting PennyMac, which all predate the court's Memorandum of Decision and Order dated May 10, 2024, the Motion stands on firmer ground. Nevertheless, as just noted, the court had already considered the same abuses of process enumerated in the Motion and had determined (when issuing that Memorandum of Decision and Order) to refrain from imposing sanctions on account of these antics,

---

[2] Ms. Fedorova's mortgage lender, PennyMac Loan Services, LLC ("PennyMac"), concurs in the proposed dismissal.

preferring instead to issue a warning in the hopes that Ms. Fedorova would simply comply with her chapter 13 plan.  It appears that approach had started to work, and indeed, the United States Trustee notes that she continues to perform under the plan, though admittedly while challenging PennyMac's mortgage.  *See* Motion at ¶ 38.  The chapter 13 trustee's counsel confirmed at the hearing that Ms. Fedorova is current in making her plan payments. To the extent the Motion seeks reconsideration of the court's earlier restraint, it fails.

Regrettably, the Motion may upset the détente that, so far, the recent admonition seems to have achieved, as it prompted Ms. Fedorova to respond by filing, among other documents, the first page of United States Trustee Andrew Vara's residential mortgage and excerpts from the real estate records and financial disclosure of a federal judge who ruled against her in an earlier case.  *See* Response in Opposition to United States Trustee Motion to Dismiss Case with Bar on Refiling (ECF No. 194) at Exh. 5 and 12.[3]

Third, to the extent that the United States Trustee seeks to vindicate the rights of, and to protect, PennyMac, that entity has capable counsel who has so far protected her client despite the unusual challenge Ms. Fedorova's former scorched-earth tactics have presented.

At the hearing on August 6, 2024, the United States Trustee suggested that, rather than her past-filings, her continuing behind-the-scenes emails and phone calls to counsel and estate professionals actually prompted him to file the Motion.  The court by no means encourages harassment (if Ms. Fedorova's communications amount to that) but observes that such communications are not an abuse of the court's process and are not substantially set forth as grounds in the Motion.

---

[3] In a separate order, the court *sua sponte* redacted the references to the addresses or personally identifiable information of these federal officials under Rule 9037(d).

Largely because Ms. Fedorova is continuing to comply with the Plan by making payments and has heeded the court's most recent warnings about abusive filings, and also because the court previously considered and rejected far less severe sanctions for Ms. Fedorova's previous abuses, the court will deny the Motion.  Ms. Fedorova, however, should not mistake the court's restraint today for a lack of resolve tomorrow, and is well-advised to continue complying with the Plan and the court's prior orders.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor (via U.S. Mail), the United States Trustee, the chapter 13 trustee, and all entities requesting notice of these proceedings.

END OF ORDER

**IT IS SO ORDERED.**

**Dated August 6, 2024**



Scott W. Dales
United States Bankruptcy Judge